# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JIN NAKAMURA, individually and on behalf
of all others similarly situated,

      **Plaintiff,**

v.

**WELLS FARGO BANK, NATIONAL
ASSOCIATION d/b/a WELLS FARGO
DEALER SERVICES, INC.,**

      **Defendant.**

Case No. 17-4029-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Jin Nakamura's Unopposed Motion for
Certification of Settlement Class and Preliminary Approval of Class Settlement (Doc. 126). For
reasons explained below, the court grants plaintiff's Motion.

Plaintiff, individually and on behalf of the proposed Settlement Class, and defendant
Wells Fargo Bank National Association d/b/a Wells Fargo Dealer Services ("Wells Fargo"),
have agreed, subject to court approval, to settle this case under the terms set forth in the
September 25, 2018, Settlement Agreement ("Settlement Agreement"). Plaintiff has moved for
an order granting preliminary approval of the Settlement Agreement.

The court has reviewed the parties' Settlement Agreement and attached exhibits, the
record in this case, counsel's briefs and arguments, and supporting exhibits. The court
preliminarily finds, for purposes of settlement only, that this action meets all the prerequisites of
Federal Rule of Civil Procedure 23. All the defined terms contained in this Order have the same
meanings as the definitions provided in the Settlement Agreement.

**IT IS THEREFORE ORDERED BY THE COURT THAT:**

1.      The court has jurisdiction over the subject matter of this lawsuit and the settling parties.

2.      The court preliminarily approves the Settlement Agreement, subject to further consideration at the final Fairness Hearing, described below.  The court directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement, for which entry of this Order is a condition.  When making this determination, the court has considered: (1) whether the proposed settlement was negotiated fairly and honestly; (2) whether serious questions of law and fact exist; (3) whether the value of immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the parties' judgment about the fairness and reasonableness of the proposed settlement.  *See Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

3.      The court will hold a final approval hearing ("Fairness Hearing") on **Wednesday, May 15, 2019, at 9:00 a.m., at the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas, in Courtroom 476,** to determine:  (1) whether the proposed settlement on the terms and conditions that the Settlement Agreement provides is fair, reasonable, and adequate to the Settlement Class and should be approved by the court; (2) whether final judgment should be entered; (3) the amount of fees, costs, and expenses that the court should award plaintiff's counsel; and (4) the amount of any incentive award the court should award the class representative.  Attendance at the hearing is not mandatory, and Settlement Class members need not appear or take any other action to indicate their approval of the proposed Settlement Agreement.  If the court changes the date, time, or location of the

hearing, Class Counsel and the Settlement Administrator promptly must post notice of that

change to the settlement website.

4.      For settlement purposes only, the court preliminarily certifies this action as a class

action under Rule 23 on behalf of the Settlement Class, defined below:

> All servicemembers who, before the servicemember entered military service, paid a deposit or installment on a motor vehicle loan originated, acquired, and/or serviced by Wells Fargo Bank, N.A., its predecessors, successors, subsidiaries, and assigns ("Wells Fargo"), and whose motor vehicle subject to the loan was repossessed by Wells Fargo while the servicemember was in active military service without a court order authorizing the repossession between January 1, 2006, and December 31, 2017, and have not already released their claims.

This definition adequately identifies the people who are:  (1) entitled to relief; (2) subject to

being bound by a final judgment; and (3) entitled to the best notice practicable under Rule

23(c)(2).  *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2014

WL 5431133, at *13 (D. Kan. Oct. 27, 2014).  The court is mindful that "[c]lass action

settlements are premised upon the validity of the underlying class certification."  *In re Integra

Realty Res., Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004).  Class certification is appropriate if the

district court finds, after conducting a "rigorous analysis," that the proposed class satisfies the

requirements of Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

"Confronted with a request for settlement-only class certification, a district court need not

inquire whether the case, if tried, would present intractable management problems, see [Fed. R.

Civ. P.] 23(b)(3)(D), for the proposal is that there be no trial."  *Amchem Prods., Inc. v. Windsor*,

521 U.S. 591, 620 (1997).  "But other specifications of the Rule—those designed to protect

absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even

heightened, attention in the settlement context."  *Id.*

5.      The court finds that, in the context of this proposed settlement only, the

prerequisites to class certification under Rule 23(a) are satisfied:

    a.    The Settlement Class is so numerous that joinder of all members is impracticable.

    b.    There are numerous questions of law and fact common to all members of the Settlement Class, and the claims of the named plaintiff in this action are typical of the claims of the Settlement Class members.

    c.    The named plaintiff, represented by counsel with substantial experience in complex class-action litigation, will protect the interests of the Settlement Class fairly and adequately.

6.    The court also finds that, in the context of the proposed settlement only, questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members, and certification of the Settlement Class for purposes of settlement is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

7.    The court approves the form and content of the notice of the proposed Settlement Agreement, attached as Exhibit A to the Settlement Agreement. The court also finds that the proposed notice campaign, including all forms of proposed notice, substantially meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and will constitute due and sufficient notice to all persons entitled to that notice.

8.    The court confirms and appoints Epiq Administration as the Settlement Administrator to administer the terms of the Settlement Agreement and the notification and payment to class members. The Settlement Administrator must commence all aspects of the approved notice campaign, including direct notice mailing and dedicated website, in accordance

with the schedule set forth below in this Order.

9. No later than February 28, 2019 (the "Class Notice Date"), the Settlement Administrator must: (1) publish the full versions of the Settlement Agreement and the Preliminary Approval Order on a public website; and (2) mail and/or email the notice, substantially in the form attached as Exhibit B to the Settlement Agreement, to all Settlement Class members whose addresses can be identified with reasonable effort.

10. The court approves the form and content of the Distribution Plan, attached as Exhibit A to the Settlement Agreement.

11. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering and distributing the settlement funds, must be paid in the fashion set forth in the Settlement Agreement.

12. Under Rule 23, the court designates the named plaintiff in this action as class representative. The court also preliminarily appoints Rex A. Sharp, Ryan C. Hudson, and Scott B. Goodger of Rex A. Sharp, P.A., Bryce B. Bell and Mark W. Schmitz of Bell Law Firm, LLC, and A. Scott Waddell of Waddell Law Firm, LLC, as Class Counsel in this matter.

13. Counsel must file their motion and supporting memorandum seeking an award of attorneys' fees, costs, and incentive awards no later than April 1, 2019.

14. Any member of the Settlement Class who desires to request exclusion from the Settlement Class must do so by filing their exclusion request, as set forth in the notice, no later than April 30, 2019, at 5:00 p.m. Central Daylight Time (the "Opt-Out Deadline"). All persons who submit valid and timely requests for exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the settlement funds, and will not be bound by the final judgment entered in the litigation.

15.     Any member of the Settlement Class may enter an appearance in the litigation, at the class member's own expense, individually or through counsel of the member's own choice. If the class member does not enter an appearance, the member will be represented by Class Counsel.

16.     Any member of the Settlement Class may appear and, if the class member has any reason, show cause why:  (1) the proposed settlement should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered based on the settlement; (3) why the Distribution Plan should or should not be approved; or (4) why the incentive awards should or should not be awarded to the class representative.  All written objections and supporting papers must be filed timely as set forth in the notice no later than April 30, 2019, at 5:00 p.m. Central Daylight Time (the "Objection Deadline").

17.     Any objection to any part of the settlement must indicate whether the Settlement Class member or the class member's counsel intend to appear at the Final Approval Hearing.  If so, any such lawyer must enter contemporaneously a written Notice of Appearance of Counsel with the Clerk of the Court.  The Notice must include the full case name and case number of each previous class action case where that counsel has represented an objector.

18.     All proceedings unrelated to settlement in this action are stayed pending final approval of the proposed settlement.

19.     Class Counsel must file their motion for final approval of settlement and all supporting documentation and papers no later than April 1, 2019.

20.     By the Opt-Out/Objection Deadline, Settlement Administrator must file with the court a declaration confirming that the plan for disseminating the notice has been accomplished in accordance with the Settlement Agreement.

21.     Class Counsel must file their responses to any objections to the Settlement Agreement, or to the class representative incentive award, no later than five (5) days before the final Fairness Hearing.

22.     If, for any reason, the court does not finally approve the Settlement Agreement, the Settlement Class will be decertified, and each Settling Party's rights to litigate will be restored to the same extent as if the Settlement Agreement had never been entered, and neither Settling Party shall assert that the other is estopped from taking any position relating to class certification.

23.     Neither the Settlement Agreement nor any of its terms or provisions nor any of the negotiations or proceedings connected with it will be construed as an admission or concession by plaintiff or defendant about the truth or falsity of any of the allegations in this lawsuit, or of any liability, fault, or wrongdoing of any kind.

24.     The court declines to enjoin members of the Settlement Class from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement. If, between the date of this Order and any final order of approval, Class Counsel believes that class members are circumventing or diluting the court's jurisdiction over the claims at issue here, it may seek any appropriate relief.

25.     All members of the Settlement Class will be bound by all determinations and judgments in this lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

26.     The court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The members of the Settlement Class are advised to confirm the date of the Fairness Hearing as set forth in the Settlement Notice. If

appropriate, the court may approve the Settlement Agreement with such modifications as the settling parties may agree to without further notice to the Settlement Class.

**IT IS SO ORDERED.**

**Dated this 5th day of February, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
