# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JIN NAKAMURA,

        Plaintiff,

v.

WELLS FARGO BANK,
NATIONAL ASSOCIATION, d/b/a
WELLS FARGO DEALER
SERVICES, INC.,

        Defendant.

Case No. 17-4029-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on the Class Representative's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Fee Request"). Doc. 138. Defendant Wells Fargo Bank, National Association d/b/a Wells Fargo Dealer Services, Inc., has not opposed the Fee Request. Nor has any Class Member filed an objection to the Fee Request or Settlement. The court has considered all submissions and evidence, and now grants the Fee Request. The court orders defendant to pay Class Counsel's attorneys' fees in the amount of $1,691,250 and to reimburse Class Counsel for litigation expenses of $78,209.59 as set forth in the Settlement Agreement. The court explains its reasoning, below.

## AWARD OF ATTORNEYS' FEES

1. Under Federal Rule of Civil Procedure 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The court finds that the attorneys' fees requested here are reasonable and authorized by the parties' agreement.

2. The Fee Request is authorized by the Settlement Agreement, which the court has approved in a separate order. Under the Settlement Agreement, defendant agreed to pay $5,125,000 to the Settlement Class (the "Gross Settlement Fund"). Defendant also agreed to pay, separate and apart from the Gross Settlement Fund, Class Counsel's attorneys' fees in an amount up to 33% of the Gross Settlement Fund. *See* Doc. 127-1 at 14 (Settlement Agreement at ¶¶ VI.A. & B). Class Representative has requested Class Counsel attorneys' fees in the amount of $1,691,250, which is 33% of the Gross Settlement Fund.

3. Both Rule 23(h) and case authorities establish that the standard for setting the fee award is reasonableness. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 453 (10th Cir. 1988); Fed. R. Civ. P. 23(h) advisory committee's note to 2003 amendment (providing that "reasonableness" is the customary measurement for common-fund fees). The Settlement Agreement provides for defendant to pay fees based on a percentage of the Gross Settlement Fund. For that reason, the court looks to common-fund cases to assess the reasonableness of the Fee Request under Rule 23(h).

4. The court considers the reasonableness of the Fee Request under federal law because this court's jurisdiction was invoked under 28 U.S.C. § 1331.[1] The Tenth Circuit prefers the percentage of the fund method in determining the award of attorneys' fees in common-fund cases. *See, e.g.*, *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *Brown*, 838 F.2d at 454. This methodology calculates the fee as a reasonable percentage of the value obtained for the benefit of the class. *See Brown*, 838 F.2d at 454.

5. The court analyzes the reasonableness of the Fee Request under the *Johnson*

---

[1] Under the forum state's law, the percentage of the common fund approach is also used. *See Freebird, Inc. v. Cimarex Energy Co.*, 264 P.3d 500, 508–10 (Kan. Ct. App. 2011).

factors. *See id.* at 454–55 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Not all *Johnson* factors will apply in every case. *See id.* at 453. Addressing each applicable factor by order of importance, the court concludes that the Fee Request is reasonable.

6. **Results obtained (factor 8)**. The court finds that the result obtained deserves greater weight than the other *Johnson* factors. *See id.* at 456 (holding this factor may be given greater weight when "the recovery [is] highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class."); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained.") (quotations omitted). Here, Class Counsel achieved a significant cash recovery of $5,125,000 for the Settlement Class despite the existence of serious disputes as to liability. There are no claim forms to fill out, and Settlement Class members do not have to take any action whatsoever to receive their money. The fact that no member of the Settlement Class elected to be excluded from the Settlement or objected to the Settlement bolsters the court's confidence in the results Class Counsel has obtained. Mr. Nakamura, Class Counsel, and the mediator support the Settlement as fair, reasonable, and adequate. *See* Doc. 140-5 at 3 (Nakamura Decl. ¶ 17[2]); Doc. 140-1 at 14 (Joint Counsel Decl. ¶ 45); Doc. 129; Doc. 140-2 at 4 (Layn Phillips Decl. ¶¶ 14-15). The court agrees. In light of the results Class Counsel obtained for the Settlement Class, the court finds the Fee Request is reasonable.

7. **Customary fee (factor 5), whether fee is fixed or contingent (factor 6), and awards in similar cases (factor 12).** "Class actions typically involve a contingent fee arrangement because it insulates the class from the risk of incurring legal fees and shifts that risk

---

[2] The court refers to the exhibits as they are labeled in the Combined Index of Exhibits (Doc. 140), which was filed in support of plaintiff's Motion for Final Approval of Class Action Settlement and Incentive Award and Memorandum in Support (Docs. 136 & 137) and plaintiff's Motion for Approval of Class Counsel Fees and Expenses and Memorandum in Support (Docs. 138 & 139).

to counsel." *Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1250 (D. Kan. 2015) (citing *Freebird, Inc.*, 2013 WL 1151264, at *4). Mr. Nakamura and Class Counsel negotiated a contingent-fee agreement whereby Mr. Nakamura agreed that Class Counsel would be compensated 40% of any recovery obtained for the class as a result of settlement or judgment. Doc. 140-1 at 13 (Joint Counsel Decl. ¶ 43). This agreed-upon fee supports the reasonableness of the Fee Request of 33%. *See Nieberding*, 129 F. Supp. 3d at 1250 (percentage in representation agreement between plaintiff and counsel "provides some market context suggesting that a fee award in this range is a reasonable one").

8. In *Nieberding*, this court recognized a fee award of one-third of the common fund was "well within the range typically awarded in class actions." *Id.* Since 2015, however, class actions have become more complex and riskier for counsel willing to prosecute them. This increased complexity and risk has led to requests for higher percentages of the common fund obtained for the benefit of the class.

9. In recent years, some courts in the Tenth Circuit have awarded fees based on 40% of the common fund. *See, e.g.*, Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses, and Case Contribution Award, *Cecil v. BP Am. Prod. Co.*, No. CIV-16-410-KEW (E.D. Okla. Nov. 19, 2018) (No. 260) (awarding 40% fee on $147 million cash component of the class settlement); *Chieftain Royalty Co. v. XTO Energy Inc.*, No. CIV-11-29-KEW, 2018 WL 2296588, at *7 (E.D. Okla. Mar. 27, 2018) (citing Order Awarding Attorneys' Fees, *Reirdon v. XTO Energy Inc.*, No. CIV-16-87-KEW (E.D. Okla. Jan. 29, 2018) (Doc. 124) (awarding 40% fee on cash component of the settlement)); *Chieftain Royalty Co. v. QEP Energy Co.*, No. CIV-11-212-R, 2013 WL 12090676, at *3 (W.D. Okla. May 31, 2013) (awarding a fee of $46.5 million, which represented approximately 39% of the cash portion of a $155 million settlement);

*see also* Doc. 140-2 (Declaration of Layn R. Phillips, *Hitch Enters., Inc. v. Cimarex Energy Co.*, No. CIV-11-13-W, at ¶ 19 (W.D. Okla. Dec. 28, 2012) (opining an attorneys' fee in the range of 33.33% to 40% along with the value for reimbursement of litigation expenses was reasonable and in line with amounts approved by courts in the Tenth Circuit as being fair and reasonable)); Doc. 140-3 (Declaration of Geoffrey P. Miller, *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. CIV-11-29-KEW, at ¶ 57 (E.D. Okla. Feb. 23, 2018) ("[A]n attorneys' fee of 40% is in line with awards in both federal and state courts in the Tenth Circuit . . .")); Doc. 140-4 (Declaration of Steven S. Gensler, *Cecil v. BP Am. Prod., Inc.*, No. 16-CV-410-KEW, at ¶ 60 (E.D. Okla. Oct. 16, 2018) ("The 40% fee request in this case is consistent with what many federal and state courts in Oklahoma have awarded . . . .")). *But see Chieftain Royalty*, 888 F.3d at 459 (reducing fee request from 40% to 33 $^1/_3$% in common fund case). The court concludes that the Fee Request here—33%—is within the range of customary fees awarded in similar cases.

10. **Novelty and difficulty (factor 2) and skill required (factor 3)**. The claims asserted here involved complex and highly contested issues of class certification and substantive law. The parties disagreed on many issues of liability under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901, *et seq.*, including serious questions of law regarding the retroactivity of the statute, the applicable statute of limitations, and the scope and enforceability of the releases obtained as a result of the prior settlement between defendant and the Department of Justice. These unresolved questions placed the ultimate outcome of the litigation in doubt. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). Class Counsel skillfully litigated such difficult issues against the vigorous opposition of highly skilled defense counsel. Doc. 140-1 at 2–6, 12–13, 14 (Joint Counsel Decl. ¶¶ 4–16, 39, 45). Despite these hurdles, Class Counsel

5

obtained a significant recovery for the Settlement Class. This factor is also reflected to some extent in the fee percentage negotiated between the Class Representative and Class Counsel, and it supports the fee requested here.

11. **Experience, Reputation, and Ability of Counsel (factor 9)**. Class Counsel has extensive experience and demonstrated ability in complex class action and consumer cases. *Id.* at 1–2, 14–15 (Joint Counsel Decl. ¶¶ 1–2, 46). This factor, as is the case here, is often reflected in the contingent-fee percentage agreed to by the client. This factor supports the Fee Request.

12. **Time and labor (factor 1).** While this factor guides the lodestar analysis in a statutory fee-shifting fee case, it is of minimal importance in a percentage-of-the-common-fund case. Indeed, in the percentage-fee determination, the court need not conduct a lodestar analysis to assess reasonableness. *See Brown*, 838 F.2d at 456, 456 n.3; *Chieftain Royalty Co. v. XTO Energy, Inc.*, 2018 WL 2296588, at *3 (neither lodestar analysis nor lodestar cross-check is required); *Childs v. Unified Life Ins. Co.*, No. 10-CV-23-PJC, 2011 WL 6016486, at *15 n.10 (N.D. Okla. Dec. 2, 2011) ("Because the other *Johnson* factors, combined, warrant approval of the common fund fee sought by Plaintiff's Counsel, the Court need not engage in a detailed, lodestar-type analysis of the 'time and labor required' factor."). Rather, the court may make a general finding regarding the expenditure of time and labor based on the record as a whole. *See, e.g.*, *Northumberland Cty. Ret. Sys. v. GMX Res. Inc.*, No. CIV-11-520-D, 2014 WL 12014020, at *3 n.1 (W.D. Okla. July 31, 2014). Here, the Joint Declaration of Class Counsel shows Class Counsel invested substantial time and labor in researching, investigating, prosecuting, and resolving this case. Doc. 140-1 at 2–6, 8–9, 12 (Joint Counsel Decl. ¶¶ 4–16, 25–28, 38). The court is satisfied that the time and effort that Class Counsel contributed to the result achieved for the Settlement Class members. *See Brown*, 838 F.2d at 456.

13. **Preclusion of other cases (factor 4).** The court notes that Class Counsel is comprised of three law firms who collectively employ fewer than 10 attorneys. These firms have a finite number of hours to invest in complex class action cases such as this one, and the court has little difficulty concluding that these firms likely turned away other opportunities to pursue cases they already have accepted. Doc. 140-1 at 13 (Joint Counsel Decl. ¶ 41).

Under the court's analysis of the relevant *Johnson* factors, the court concludes the Fee Request is warranted, and the court approves payment by defendant of Class Counsel's attorneys' fees in the amount of $1,691,250.

## REIMBURSEMENT OF LITIGATION EXPENSES

14. Under the Settlement Agreement, defendant agreed to reimburse Class Counsel for its reasonable expenses incurred in connection with prosecuting the Action. *See* Doc. 127-1 (Settlement Agreement ¶ VI.A).

15. Class Counsel has incurred expenses in connection with prosecuting the Action in the amount of $78,209.59. Doc. 140-1 at 16–17 (Joint Counsel Decl. ¶¶ 51–54). These expenses were necessary to the successful conclusion of the Action. *Id.*

## CONCLUSION

The court finds reasonable, approves, and orders an award of 33% of the Gross Settlement Fund ($1,691,250) and reimbursement of $78,209.59 in litigation expenses, both to be paid by defendant to Class Counsel in the manner set forth in the Settlement Agreement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Class Representative's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses (Doc. 138) is granted.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
