# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JIN NAKAMURA,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**WELLS FARGO BANK,**<br>**NATIONAL ASSOCIATION, d/b/a**<br>**WELLS FARGO DEALER**<br>**SERVICES, INC.,**<br><br>          **Defendant.** | Case No. 17-4029-DDC-GEB |

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Joint Motion for Distribution of Remaining Net Settlement Fund (Doc. 147).

The court entered its Memorandum and Order ("Order") (Doc. 144) granting final approval of the parties' September 25, 2019 Settlement Agreement (Doc. 144-1) and entered its Judgment dismissing this case (Doc. 146) on May 21, 2019.  The court reserved jurisdiction over future proceedings administering the Settlement.  Doc. 144-1 at 7, ¶ 11.

The Order directed the Settlement Administrator to distribute the Net Settlement Fund to the Settlement Class Members (as those terms are defined the Settlement Agreement) as set forth under the Distribution Plan attached as Exhibit A to the Settlement Agreement.  Doc. 144-1 at 30–31.

The Settlement Administrator distributed the Net Settlement Fund to the Settlement Class Members as set forth under the Distribution Plan.  Settlement payments were made by checks issued to the 405 Settlement Class Members.  351 Settlement Class Members

negotiated their checks; 54 Settlement Class Members did not. The uncashed checks have since been voided and their value added back to the Net Settlement Fund. Doc. 147-1 at 4, ¶ 4. As of August 4, 2020, $669,373.76 remains in the Net Settlement Fund. *Id.* at 4, ¶ 5.

The Distribution Plan calls for the remaining Net Settlement Fund proceeds to be distributed as *cy pres* to a not-for-profit organization providing services to military servicemembers and veterans. Doc. 144-1 at 31. In the Settlement Agreement, the parties mutually agreed on The Warrior Initiative to receive any proceeds distributed as *cy pres* from the Net Settlement Fund. Doc. 144-1 at 31. But, the Warrior Initiative is no longer active and cannot receive the remaining Net Settlement proceeds. *See* Doc. 147 at 8, ¶ 8.

The parties now jointly move for an order from the court authorizing the Settlement Administrator to make a second distribution of the Net Settlement Fund to the Settlement Class Members. Doc. 147. Specifically, the parties seek authority to distribute the remaining Net Settlement Fund, on a pro rata basis, to the Settlement Class Members who cashed their original checks (the "Second Distribution"). *Id.* The parties also jointly request that the court authorize the Settlement Administrator, after making the Second Distribution to the Settlement Class Members, to distribute any remaining Net Settlement Fund proceeds as *cy pres* to Military Family Advisory Network, Inc. ("MFAN") in lieu of the recipient set forth in the Distribution Plan. *Id.* at 4, ¶11. MFAN is a 501(c)(3) organization that connects military families to the resources they need, including financial planning and education. *Id.*

The court retained jurisdiction over the Settlement and all future proceedings involving the "administration, consummation, and enforcement" of the Settlement

Agreement.  Doc. 144 at 7, ¶ 11.  *See Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 552–53 (D.N.M. 2014) (quoting *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("a court can retain jurisdiction over a case after its dismissal" by "including in the order of dismissal a separate provision retaining jurisdiction over the settlement agreement") (internal quotations omitted)).  The representative plaintiff, class counsel, and defendants jointly move the court to modify the Distribution Plan, Doc. 147, as allowed by the approved Settlement Agreement.  Doc. 144-1 at 24, ¶ L.  *See also Keepseagle v. Vilsack*, 118 F. Supp. 3d 98, 129 (D.D.C. 2015) (settlement agreement modifications are proper if done in accordance with the settlement agreement terms).  The court thus may approve the modification proposed by all parties.

The court has considered the parties' papers, relevant legal authority, and the record in this case, and the court hereby grants the motion.

**IT THEREFORE IS ORDERED BY THE COURT THAT:**

1.    The Settlement Administrator has fulfilled its obligations under the Settlement Agreement for the distribution of the Net Settlement Fund to the Settlement Class Members.  The court determines that it is practicable and reasonable to distribute the remaining Net Settlement Fund proceeds, on a pro rata basis, to the 351 Settlement Class Members who cashed their original checks.  *See, e.g.*, *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1246-47 (D.N.M. 2012) (finding a second distribution to class members who cashed their initial checks reasonable); *Sarkisov v. StoneMor Partners L.P.*, No. 13-cv-04834-JD, 2015 WL 1249169, at *4 (N.D. Cal. Mar. 18, 2015) (finding a settlement that called for unclaimed funds to "be redistributed to the Class Members who cashed their initial

settlement payment checks on a pro-rata basis as a second distribution" fair and reasonable (internal quotations omitted)).

2. The Settlement Administrator is directed to carry out the Second Distribution as follows:

a. The Settlement Administrator shall issue checks to the Settlement Class Members who cashed their checks in the initial distribution. The checks shall be marked "Void 60 days after the date shown on this check" and shall automatically void sixty (60) days after issuance;

b. Within this sixty (60) day timeframe, the Settlement Administrator shall reissue a check if:  i) the check is returned as undeliverable; or ii) the Authorized Recipient (as that term is defined in the Settlement Agreement) asks for the check to be reissued.  Reissued checks shall be valid for thirty (30) days; and

c. All uncashed checks shall be voided ninety (90) days after the original issuance date and the value of the uncashed checks shall be added back to the Net Settlement Fund.

3. The court authorizes Settlement Administrator, without further order from the court, to distribute any Net Settlement Funds proceeds remaining after the Second Distribution as *cy pres* to Military Family Advisory Network, Inc.

**IT IS SO ORDERED.**

**Dated this 31st day of August 2020, at Kansas City, Kansas.**

                                      **s/Daniel D. Crabtree**_____
                                      **Daniel D. Crabtree**
                                      **United States District Judge**